[Sac. No. 773.   Department One.—August 20, 1900.]

J. A. SHEPHERD, Appellant, v. JAMES TURNER, Respondent.

APPEAL—REVIEW OF EVIDENCE—EXCLUDED EVIDENCE.—This court, in reviewing upon appeal the sufficiency of the evidence to sustain the findings of the court, cannot consider any excluded evidence.

ID.—ARGUMENT—SPECIFICATIONS OMITTED FROM BRIEF—ABANDONMENT.— Specifications of the insufficiency of the evidence to support the findings, which are not argued in the appellant's brief, will be deemed abandoned.

ACTION FOR OBSTRUCTION OF HIGHWAY—EVIDENCE—PETITION AND PENCIL SLIP NOT PROVED.—In an action to remove the defendant's fence from an alleged public highway, a document purporting to be a petition for a county road, which bears no date, and is not shown to have been on file or in the custody of anyone, and to which is adhesively attached a slip in pencil containing a description of the proposed road, without any evidence to show when it was attached or by whom it was written, is not admissible in evidence to show the formal laying out of the road.

ID.—RECORD OF SUPERVISORS—FAILURE OF PROOF.—A portion of the records of the board of supervisors appointing a petitioner to give notice to interested land holders to object to the laying out of a public road, and. subsequently appointing viewers, and adopting their report, not shown to have been based upon any petition and proper proceedings appearing in the record, and not shown to have been made concerning the road in which the alleged obstruction exists, nor to be connected with the defendant or his grantors, is properly excluded as evidence relating to the formal laying out of the alleged road.

ID.—REPORT OF NOTICE OF ROAD—INADMISSIBLE EVIDENCE.—A written report to the supervisors stating that the signer had given notice of a county road, specifically described, to all persons living along the line, and that he found them all in favor of the road, which was not under oath, and did not appear to be a public record, and did not show that the defendant or his grantors lived along the line of the proposed road, is not admissible in evidence for any purpose.

ID.—REFUSAL OF BOARD TO VACATE ROAD—PROCEEDINGS INADMISSIBLE.— Proceedings of the board of supervisors upon a petition to vacate a public road, which included the premises upon which defendant had placed his fence, with which proceedings the defendant is not shown to have had any connection, have no tendency to prove the existence of a highway as against him, and are not admissible in evidence against him.

ID.—REPUTATION OF HIGHWAY—HEARSAY.—Evidence is not admissible for the purpose of showing that the alleged road was generally spoken of and regarded by the people in the neighborhood as a public road. Hearsay evidence is not admissible to prove the existence of a highway; nor can its existence be proved by showing that it was generally reputed to be a highway.

ID.—USE OF ROAD—DEDICATION—DECLARATIONS.—While it is competent to prove the use made of the road, and the extent of the use or travel over the road, for the purpose of showing a dedication or adverse user of the road under a claim of right, it is not competent to prove such user by the declarations of third parties.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial. Edward I. Jones, Judge.

The facts are stated in the opinion.

A. H. Ashley, District Attorney, and W. B. Nutter, for Appellant.

J. G. Swinnerton, for Respondent.

COOPER, C.—This action was brought by plaintiff as road commissioner, for the purpose of having abated as a public nuisance a fence erected and maintained by defendant upon an alleged public highway. The case was tried before the court without a jury, findings filed, and judgment entered in favor of defendant. This appeal is by plaintiff from the judgment and from an order denying his motion for a new trial. There

is no claim that the judgment is not the legal conclusion from the facts found.

There are many specifications in the statement of the insufficiency of the evidence to support certain of the findings, but as they are not argued in the appellant's brief they will be deemed abandoned. In fact, appellant, after stating that the land on which the fence is maintained belongs to defendant, subject to the public right of way, if any, says that the sole controversy in the case is as to the existence of the alleged public road at the place where the fence was erected. He then argues that there is a preponderance of evidence in his favor. But he says, "while appellant is aware of the rule that where the evidence is conflicting the appellate court will not disturb the decision, still it is believed that excluded evidence should certainly turn the scales in plaintiff's favor." We know of no rule that would authorize us in any way to consider "excluded evidence" in reviewing the sufficiency of the evidence as to a question of fact decided by the lower court. The only evidence we have any power to consider in such case is the evidence in the record, and not such as might be there. If the court rejects competent evidence, and proper exception is saved to the ruling, this court will review the ruling, and if prejudicial error appears reverse the case.

The appellant has argued certain alleged errors in the rejection of evidence which we will notice.

1. While the appellant was on the witness stand, he was shown a paper written in ink and addressed to the board of supervisors of San Joaquin county, as follows:

"Gentlemen: Your petitioners, inhabitants of San Joaquin county, would respectfully represent that the public convenience and want require that a county road should be laid out and constructed, beginning at Bonsell's Ferry on the San Joaquin river, running across the plains due east about twelve miles, intersecting the road leading from Stockton to Mariposa at what is called the Zink House. Your petitioners therefore pray your honors to consider and confirm the above road, and as in duty we will ever pray."

This was followed by several names, and indorsed on the back, "No. 89, Wagner Shepherd et al. Petition for county

road, Geo. H. Shepherd appointed to give the notice to land holders as required by law, and make objection, if any, at the next May term." To this written paper was attached by some adhesive chemical a slip in pencil reading as follows: "Township line between T. 1 and 2 south, range 6 east. Commencing from where the road from French Camp to Bonsell's Ferry intersects the S. boundary of township 1 south, range 6 east, and running thence to Zink House."

The appellant, in answer to questions, said that he had seen the written paper before, and that the signature "J. A. Shepherd" was his signature. The appellant, in answer to questions as to the pencil slip, said: "I don't recollect about that pencil slip. I don't think I know the handwriting. I don't know when it was attached. If I did know anything about it I have forgotten."

The appellant then offered in evidence the paper written in ink and the slip written in pencil attached together as "plaintiff's exhibit 1." The defendant objected upon the ground that it was irrelevant, incompetent, and immaterial, and that the pencil slip was not shown to be any part of the petition. The court sustained the objection so far as it relates to the first cause of action stated in the complaint—the formal laying out of the alleged road by the board of supervisors—and admitted it for all other purposes. This ruling is now claimed to be error, and much space in appellant's brief is devoted to this assignment.

We think the ruling correct. In fact, we cannot see from the record that the paper was admissible for any purpose. It does not appear to have any date, nor to have been on file nor in the custody of anyone. The paper and the pencil slip were offered in evidence together, and there is nothing to show when the pencil slip was attached to the writing nor in whose handwriting it was. So far as the record shows, the paper may have all been written the very day it was offered in evidence.

2. Appellant offered in evidence a portion of the records of the board of supervisors found in "Book A," dated February 4, 1858, which reads as follows:

"In the Matter of the Petition of Wagner, Shepherd and Others for a County Road.

"On this day the matter of the petition of Wagner, Shepherd, and others, praying for a county road to be laid out, came on to be heard. Whereupon Geo. H. Shepherd was appointed by the board to give notice to land holders interested therein, as required by law, to make their objections, if any they can, to this board, at the May term thereof and show cause why the prayer of said petitioners should not be granted."

The court sustained the objection of defendant to this record so far as it related to the formal laying out of the alleged road, and this ruling is urged as error No. 2. The ruling does not appear to be erroneous from the record before us. It does not appear that the order was made concerning the road on which the alleged obstruction exists. The order is not based upon any petition or prior proceedings appearing in the record. Neither is there anything in the record connecting defendant or his grantors with the order.

3. The appellant offered in evidence a written paper purporting to be signed by "Geo. H. Shepherd," and addressed to the board of supervisors. This paper stated that Shepherd had given "notice of a county road commencing at Bonsell's Ferry road where it crosses the township line between sections one and two south, in range 6 east, about one mile and a half from said ferry, and thence running along the said township line due east about two miles, intersecting the French Camp road near the Zink House, to all persons living along the line, and that he found them all in favor of the road." The defendant's objection to this paper was properly sustained. It did not appear to be a public record, and was not evidence for any purpose. It was a written statement, not even made under oath, and did not show or tend to show that defendant or any grantor of his was one of the parties living along the line of said proposed road. There was no error in the ruling of the court as to other portions of the record of the board of supervisors relating to appointment of viewers, their report and the order adopting their report. The records of the board could only be admissible in connection with a proper petition and proper proceedings for the purpose of laying out and erecting a highway, including in its description the point where the defendant maintains the alleged fence. There be-

ing no evidence in the record as to any such petition or prior proceedings, the portions of the record offered were incompetent and immaterial. In all cases where private property is sought to be taken for a public use under statutory proceedings it is essential to show a substantial compliance with the necessary steps enumerated in the statute.

4. The appellant offered in evidence a petition to the board of supervisors, an order appointing viewers upon the petition, a bond, the report of viewers and an order of the board of supervisors, all made and occurring in 1880, for the purpose of showing the refusal of the board of supervisors to vacate a public road, which it is claimed included the premises upon which defendant has placed the fence.

The court properly sustained defendant's objections to the several offers. The fact that the board of supervisors refused to vacate a highway did not and could not tend to make the premises a highway. It would be a strange, and we apprehend an unheard of, doctrine to allow a record refusing to vacate a highway to be admitted as proof of such highway. It might be, if the defendant had signed any paper, or if he had done any act tending to show that he recognized the public claim to the highway, that such act would be evidence against him, but to allow an order made in his absence and without his knowledge to be introduced in evidence against him would be to introduce a new principle into the rules of evidence.

5. The appellant asked several questions of the witness Shepherd while on the stand for the purpose of showing that the road was generally spoken of by the public as a public highway. Among the questions asked were the following:

"Q.  Did you hear it talked of by the people in the neighborhood about the road?"

"Q.  And is it not a fact that the traveling public passing your ferry regarded and treated that road throughout as a public road?"

To these questions and others of a like nature the court sustained objections, and we think the rulings correct. While it was competent to prove the use made of the road and the extent of the use, for the purpose of showing that it had become a public way by dedication, or adverse user under a claim of

right, it was not competent to prove such user by the declarations of third parties. Neither was hearsay evidence admissible to prove such fact. A public highway cannot be proven by showing that it was generally reputed to be a highway. The court admitted all evidence as to acts done by parties in the neighborhood in the way of using the road, and all evidence tending to show the extent of the travel over the road by the public.

It is not necessary to notice in detail the other alleged errors. We have discussed such as appear to be the most seriously urged, and as to the others we have examined them and find no error sufficient to justify a reversal of the case.

The judgment and order should be affirmed.

Gray, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Harrison, J., Garoutte, J., Van Dyke, J.

Hearing in Bank denied.